UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARREN RIVERS,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.: 3:16-cv-1604-BEN<br>3:13-cr-3954-BEN-1<br><br>**ORDER DENYING MOTIONS**<br>**[Docs. 69, 81, 82, 87, 88, 93, 99, 100, 101, 103, 104, 106, 107, 108, 109, 110, 111]** |

Movant Melvin Warren Rivers moves under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence and claims actual innocence. He also has filed a number of ancillary motions. Having reviewed the briefing and Movant's other related filings, the Court finds an evidentiary hearing is not warranted, and the motions are DENIED.

## BACKGROUND

In August and September 2013, law enforcement located several online prostitution ads advertising a 17-year-old minor for commercial sex. The minor-victim's cellphone contained communications between she and Movant, including a credit card number used to post several of the online advertisements. The minor-victim stated she had known Movant since she was 14 years old. In August 2013, law enforcement arrested Movant for sex trafficking of the minor-victim.

1

On October 30, 2013, a federal grand jury returned an indictment charging Movant with sex trafficking of children in violation of 18 U.S.C. § 1591. Before trial, the parties agreed to resolve the case.

On July 17, 2014, a superseding information alleging conspiracy to commit sex trafficking of children in violation of 18 U.S.C. § 1594 was filed. That same day, Movant pled guilty to the superseding information through a plea agreement with the Government.

On April 20, 2015, this Court sentenced Movant to 97 months of custody to be followed by 10 years of supervised release. The Court confirmed the sentence and imposed the proposed conditions of supervised release on May 26, 2015. On June 18, 2015, the Court entered the judgment.

On June 17, 2016, Movant filed a § 2255 motion, alleging ineffective assistance of counsel. [Doc. 69.] On September 20, 2016, the Court granted the Government's motion to waive the attorney-client privilege for the purpose of responding to several allegations. [Doc. 72.] The Government responded to the § 2255 motion and included a declaration by Movant's Counsel, Gerald McFadden. [Docs. 77, 77-1.]

On September 15, 2017, Movant filed a motion to "suppliment [sic] and amend petitioners initial 28 U.S.C. § 2255." [Doc. 82.] On September 10, 2018, Movant filed a motion for a claim of actual innocence due to newly discovered evidence. [Doc. 88.] On October 31, 2018, the Government responded to both filings. [Doc. 91.]

Over the course of litigation, Movant also filed numerous additional motions, including motions for appointment of counsel [Docs. 103, 111], motions to expand the record and to request discovery [Docs. 81, 106], motions for an evidentiary hearing [Docs. 93, 104], a motion to take judicial notice [Doc. 87], a Rule 12(c) motion [Doc. 108], and a motion for default judgment [Doc. 110]. For the reasons set forth below, Movant's motions are DENIED.

# DISCUSSION[1]

## A. Motion for Appointment of Attorney [Docs. 103, 111]

Courts have discretion to appoint counsel for indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (9th Cir. 1991) (internal citations omitted); *see also Bradshaw*, 662 F.2d at 1318. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (internal citations omitted).

As explained in further detail below, the Court finds Movant's motions to be without merit, and thus, the Court cannot say there is any likelihood of success on the merits. Moreover, Movant fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by litigants representing themselves pro se. Therefore, the Court finds the exceptional circumstances required for the appointment of counsel are not present. Movant's motions for appointment of counsel, [Docs. 103 and 111], are DENIED.

## B. Movant's June 17, 2016 § 2255 Motion [Doc. 69]

In support of his § 2255 motion timely filed on June 17, 2016, Movant alleges two separate claims of ineffective assistance of counsel. First, he claims his attorney failed to challenge the facts in the complaint, which he contends were misrepresented by police to obtain an arrest warrant for him. Second, he contends ineffective assistance of counsel

---

[1] Having reviewed the record and briefing related to Movant's § 2255 motions, the Court finds an evidentiary hearing is not warranted. [Docs. 93, 104.] Movant's requests for an evidentiary hearing are DENIED. *See United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986) (holding that, if it is clear the movant fails to state a claim or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing).

because of his attorney's alleged failure to subpoena "exculpatory" text and Facebook messages between Movant and the minor.

Under Section 2255, a movant is entitled to relief if the sentence (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). Here, Movant alleges his sentence was imposed in violation of his Sixth Amendment right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *United States v. Alferahin*, 433 F.3d 1148, 1160-61 (9th Cir. 2006). Under the United States Supreme Court's decision in *Strickland*, a defendant who complains his attorney provided ineffective assistance must demonstrate both that (1) the attorney's performance "fell below an objective standard of reasonableness," and (2) there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88. Movant fails to satisfy those elements.

1. <u>Movant's Claim About the Complaint's Misstatement of Facts is Moot</u>

Movant first claims his attorney was ineffective because he did not challenge alleged misstatements of fact in the complaint and arrest warrant. Even assuming the existence of a defect, however, such a challenge would have been mooted by a finding of probable cause following the grand jury's indictment.[2] *See, e.g., United States v. Holiday*, 2010 WL 3733890, at *4 (S.D. Cal. Sept. 17, 2010) ("[T]he grand jury indictment of Holiday remedied any defect in the complaint.") (citing *Denton v. United States*, 465 F.2d 1394, 1395 (5th Cir. 1972) (rejecting argument by defendant that his sentence should be vacated

---

[2] Furthermore, as the Government correctly notes, Movant makes his ineffective assistance claim by incorrectly identifying Gerald T. McFadden, who was appointed only after the indictment's filing. [Doc. 16, Ex. 1 at ¶¶ 1-2.] He should have identified Howard B. Frank as his first attorney. Nonetheless, regardless of which attorney Movant argues to be ineffective, his claim lacks merit.

4

due to a defective complaint and arrest warrant because "the grand jury indictment of Denton following his arrest remedied any defect in the complaint and arrest warrant")); *see also Cusamano v. Donelli*, 2010 WL 2653653, at *3, 8 (S.D.N.Y. July 1, 2010) ("The indictment by the grand jury rendered any deficiency in the criminal complaint moot") ("Assuming, arguendo, that the felony complaint was defective, Movant was prosecuted pursuant to a legally sound grand jury indictment."). Here, because the grand jury's indictment of Movant on the sex trafficking charge remedied any alleged defect in the complaint and arrest warrant, Movant's attorney cannot be ineffective for "[f]ail[ing] to raise a meritless argument." *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985).

    2. <u>Any Messages Regarding Knowledge of the Minor's Age Would Not Negate Movant's *Mens Rea*</u>

Next, Movant contends his attorney was ineffective because of his alleged failure to obtain text and Facebook messages showing the minor lied about her age, thereby causing him prejudice. Movant's claim fails.

Movant was charged under § 1591, which permits three potential ways of proving criminal liability as to Movant's awareness of the child's status as a minor: (1) he knew she was under eighteen; (2) he recklessly disregarded the fact that she was under eighteen; **or** (3) he had a reasonable opportunity to observe her. *See United States v. Robinson*, 702 F.3d 22, 29 (2d Cir. 2012) (affirming district court's jury instruction on the three alternative *mens rea* requirements of § 1591). Even assuming the existence of text and Facebook messages showing the minor lied about her age to Movant, such messages would not have exculpated Movant because of his reasonable opportunity to observe her. As the Second Circuit held:

> Because § 1591(a) requires proof of knowledge or reckless disregard—not both—the government may satisfy its burden by proving knowledge *or the substitute for knowledge under § 1591(c)*. Accordingly, § 1591(c) supplies an *alternative* to proving any *mens rea* with regard to the defendant's awareness of the victim's age.

*Id.* at 32 (emphasis in original); *see also United States v. Rico*, 619 Fed. App'x. 595 (9th Cir. 2015) ("find[ing] the Second Circuit's explication of the provisions persuasive" without deciding the issue and "not[ing], however, that Congress has now amended the statute to comport with the Second Circuit's approach") (citing 18 U.S.C. § 1591(c) (2015)).

Although "reasonable opportunity to observe" is not defined, courts have held that as little as twenty minutes up to two days is enough to show a reasonable opportunity. *See, e.g., United States v. Davis*, 711 Fed. App'x. 254, 258 (6th Cir. 2017); *United States v. Blake*, 868 F.3d 960, 976 (11th Cir. 2017). Here, Movant admitted he understood the factual basis for his plea, including admitting that "[he] had a reasonable opportunity to observe the minor" for a 5-day period between August 15 and August 20, 2013, during which he "rented hotel rooms, provided credit card information and caused ads to be posted on backpage.com for the minor for the purpose of her to engage in commercial sex acts." [Doc. 41 at p. 14 (Plea Agreement).] The evidence additionally showed that Movant had known the minor since she was 14 years old. [Doc. 48 at p. 4 (PSR).] Finally, as argued by Movant, he had communicated with the minor by text messages and Facebook messages. Thus, even if Movant could have argued a lack of "knowledge" supported by the Facebook and text messages, the evidence showing he had a reasonable opportunity to observe the minor would have easily satisfied § 1591(c)'s *mens rea* requirement. Accordingly, Movant's attorney's alleged failure to obtain the messages did not create "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88.

Furthermore, as to the text messages, Movant cannot satisfy the second *Strickland* prong—that his attorney's failure to obtain them "fell below an objective standard of reasonableness." Indeed, Movant's former counsel explained that he could not retrieve the

6

3:16-cv-1604-BEN
3:13-cr-3954-BEN-1

text messages because the provider, Verizon, does not maintain text messages on its server, and Movant sold his cellphone on Craiglist prior to his arrest.[3] [Doc. 77-1 at ¶ 4.]

### C. Movant's 9/15/2017 and 9/10/2018 § 2255 Motions [Docs. 82, 88]

After the one-year statute of limitations ran from the Court's June 18, 2015 judgment, Movant filed two additional § 2255 motions more than two and three years later, on September 15, 2017 and September 10, 2018. [Docs. 82, 88.] *See* 28 U.S.C. § 2255(f)(1)(A) ("A 1-year period of limitation shall apply to a motion under this section . . . [and] shall run from the latest of—the date on which the judgment of conviction becomes final"). Movant does not assert any basis for finding his subsequent motions timely. *See id.* at § 2255(f)(1)(B)-(D). Specifically, Movant does not allege any impediment to filing his motions, any right that has been recently recognized by the Supreme Court as retroactive, or that the facts supporting his claim were not available to him at the time of sentencing through the exercise of due diligence. Nor has Movant "obtain[ed] an order from the appropriate court of appeals authorizing the district court to consider the [second or successive] petition[s] as required by 28 U.S.C. § 2244(b)(3) and (4)." Rule 9 of the Rules Governing § 2255 Proceedings.

Moreover, Movant's subsequent motions cannot be deemed amendments to his timely § 2255 motion because they do not "relate back." Under Federal Rule of Civil Procedure 15(c), an amendment may be deemed timely because of its "relation back" to the original § 2255 motion, only if it clarifies a claim in that motion—that is, when the original motion and amendment involve a "common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2004) (applying Rule 15(c) to § 2254 petition); *see also* Rule 12 of the Rules Governing § 2255 Proceedings (permitting application of Federal Rules of Civil Procedure to § 2255 proceedings). Within the context of habeas cases, the Supreme

---

[3] Movant's attorney did have access to the Facebook messages, but as already discussed, those messages would not have prejudiced the Government's ability to prove their case because of the alternative "reasonable opportunity to observe" prong.

Court has held that, although the movant's amendments may arise from the same conviction and sentence, the amendments will not relate back to a timely-filed motion where the amendments "assert[] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 649-50.

Such is the case here. In his subsequent filings, Movant sets forth two additional claims "supported by facts that differ in both time and type from those [his] original pleading set forth." *Id.* First, he claims the sentencing calculations in his plea agreement are incorrect, and counsel was ineffective for failing to investigate the correct guidelines. [Doc. 82.] Second, he asserts an "actual innocence" claim based upon "newly discovered evidence" in the form of the minor-victim's testimony supporting his defense. [Doc. 88.] Because Movant's subsequent motions assert entirely new claims for relief, they do not "relate back" to his original motion and thus, are barred by the one-year statute of limitations.[4]

Within the Ninth Circuit, however, the relation back doctrine for habeas claims remains murky. *See, e.g., Ross v. Williams*, 896 F.3d 958 (9th Cir. 2018) (finding habeas movant's amended § 2254 petition did *not* relate back to original pleading), rehearing *en banc* granted, by *Ross v. Williams*, 2019 WL 1615300 (9th Cir. Apr. 16, 2019). Accordingly, in the alternative, the Court addresses Movant's subsequent claims, which the Court finds to be without merit.

1. <u>The Sentencing Guidelines Applied to Movant Are Correct</u>

Movant argues his attorney was ineffective for failing to "investigate" the "proper" guidelines for his offense, relying upon *United States v. Wei Lin*, 841 F.3d 823 (9th Cir.

---

[4] On June 8, 2018, Movant filed a "motion for leave of court to file pro se motion to amend p[u]rsuant to 15(c) to amend 28 U.S.C. 2255 with all amended pleadings . . ." [Doc. 109.] He did not offer any support for his motion. Nonetheless, the Court has considered his additional filings in this Order. Accordingly, his motion is DENIED as moot.

2016).[5] There are several reasons why this claim does not merit § 2255 relief. In *Wei Lin*, the Ninth Circuit discussed the Sentencing Guidelines for a conviction under § 1594(c), and concluded for the first time that the appropriate base offense level for a conspiracy conviction under § 1594(c) is not 34 under § 2G1.1, but instead, is 14 under the "otherwise" category in § 2G1.1. The reasoning is complicated and somewhat novel. Of course, Movant's sentencing hearing occurred in 2015, 18 months *before* the Ninth Circuit's decision in *Wei Lin*. That his attorney did not predict this decision can hardly be called ineffective assistance.

More importantly, although *Wei Lin* involved sex trafficking, Movant's case is distinguishable because it involved sex trafficking of a *minor*. Consequently, *Wei Lin* interpreted a § 1594(c) conviction for conspiring to engage in sex trafficking under § 1591(a). For that crime, Sentencing Guideline § 2G1.1 applied. Unlike Wei Lin, however, Movant pleaded guilty to § 1594(c) for conspiracy to engage in the sex trafficking of a minor – a crime for which a minimum mandatory term of 10 years would apply under § 1591(a) and (b)(2). For that crime, Sentencing Guideline § 2G1.3 applies and supplies a base offense level of 30. Simply put, *Wei Lin* did not decide a case of conspiracy to engage in the sex trafficking of a minor and does not show that this Court miscalculated Movant's Sentencing Guidelines. Thus, Movant fails to carry his burden of showing the first *Strickland* prong—that his attorney's performance regarding his sentencing fell below an objective standard of reasonableness.

In addition, Movant expressly agreed that his base offense level was 30 in his plea agreement. At the time of the plea deal, Movant had been indicted and was facing trial for violating § 1591(a) and (b)(2), carrying the minimum mandatory 10 prison term. His counsel adroitly worked out a plea bargain resulting in a plea to a superceding indictment

---

[5] Movant reiterates the same arguments about *Wei Lin* in his "Motion: To Take Judicial Notice and Motion to Reduce Sentence," [Doc. 99]. The motion is DENIED for the same reasons as discussed herein.

on the simple conspiracy charge of § 1594(c). The plea bargain had the effect of permitting Movant to escape a 10 year minimum mandatory sentence. As it turned out, he received a lesser sentence of 97 months. In other words, Movant fails to demonstrate prejudice under the second *Strickland* prong. Because Movant received a sentence of 97 months, which is 23 months less than the ten-year mandatory minimum sentence he would have faced for a guilty verdict at trial, he suffered no prejudice. *See also Jackson v. United States*, 2017 WL 1408174 (W.D. Wa. 2017), denying certificate of appealability, by *United States v. Jackson*, 2017 WL 5197492 (9th Cir. 2017) (finding no ineffective assistance of counsel where movant was sentenced prior to *Wei Lin* and where movant would have been subject to a 15-year mandatory minimum sentence but for his counsel's plea deal negotiation).

None of this makes a difference, however, because *Beckles v. United States*, 137 S.Ct. 886 (2017) forecloses Movant's argument. There, the Supreme Court held that "the advisory Guidelines do *not* fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentencing within the statutory range." *Id.* at 892 (emphasis added). Consequently, for § 2255 proceedings, even if one can show a Guidelines calculation error, *Beckles* explains that the calculation error does not warrant relief. It is only the sentence, itself, with which § 2255 is concerned, not the correctness of the calculation of the Sentencing Guidelines as a starting point for sentencing. Therefore, this claim for § 2255 relief is unpersuasive.

2. Constructive Amendment is Not Cognizable For Attack On A Guilty Plea

Movant also filed what the Court construes as a supplemental reply brief or traverse. *See* [Doc. 100 ("Supplement and Amend Attachment to Petitioners initial reply to Government response filed on 10/19/16")]. The Court construes his filing to argue a constructive amendment occurred because he pled guilty under the reckless or knowledge of *mens rea* theories for § 1594(c), rather than the reasonable opportunity to observe theory. In support, Movant cites *United States v. Davis*, 854 F.3d 601, 604 (9th Cir. 2017). In *Davis*, the Ninth Circuit concluded "a constructive amendment occurred because 'the crime charged [in the indictment] was *substantially altered at trial*, so that it was impossible to

know whether the grand jury would have indicted for the crime actually proved.'" *Id.* at 605 (citing *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002) (emphasis added)). The case against Movant, however, could not be "substantially altered at trial" because there was no trial. Rather, Movant pled guilty. Thus, the Court is not persuaded that a constructive amendment claim is available to Movant here.

Notably, the Ninth Circuit has not addressed whether a constructive amendment argument is cognizable for a defendant's attack on his guilty plea. Of the courts that have addressed that issue, however, most seem to have found such an argument unavailable within that context. *See, e.g., United States v. Barrientos*, 263 F.3d 162, n. 3 (5th Cir. 2001) (noting that "constructive amendment inquiries typically are conducted in the context of jury trials and guilty verdicts, not guilty pleas," and thus, declining to ground its mandate on the defendant's constructive amendment argument); *Montstream v. Superintended, Bedford Hills Correctional Facility*, 2011 WL 284461, at *6 (W.D.N.Y. Jan. 4, 2011) ("There is no clearly established Supreme Court precedent stating that a constructive amendment claim is cognizable in the context of a defendant's guilty plea," and "it seems unlikely that a constructive amendment claim is available to petitioner after his guilty plea"); *cf. United States v. Iacaboni*, 363 F.3d 1, 7 (1st Cir. 2004) (evaluating a constructive amendment claim in the context of a guilty plea). This Court agrees. Accordingly, because Movant attacks a guilty plea, rather than a jury verdict at trial, his constructive amendment argument fails.

> 3. <u>Movant's Allegedly "Newly Discovered Evidence" is Not Newly Discovered and Does Not Exculpate Him</u>

Liberally construing Movant's pro se claim that he is "actually innocent," *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010), Movant seems to contend that he is factually innocent of the conspiracy to sex traffic children crime for which he entered a guilty plea. [Doc. 88.] Movant's allegedly "newly discovered evidence," however, has little bearing on his guilt because it all concerns the minor-victim's declaration that Movant

is "innocent."[6] Specifically, Movant offers the victim's signed declaration stating that Movant "didnt [sic] know my true age at the time"; that Movant was her boyfriend, and her mother did not agree with the relationship and called the police; and that Movant "is innocent of sex trafficking." [Doc. 88 at p. 6.]

First, the minor-victim's assertion that she told a detective she did not actually engage in commercial sex acts has no bearing on Movant's guilt. "Case law makes clear that 'commission of a sex act or sexual contact' is not an element of a conviction under 18 U.S.C. § 1591," and the Ninth Circuit has "clarified that a conviction for sex trafficking of minors under 18 U.S.C. § 1591 does not require that victim actually commit a sex act." *United States v. Hornbuckle*, 784 F.3d 549, 554 (9th Cir. 2015). As the Government argues, the online prostitution advertisements offering the minor for commercial sex acts combined with her initial statement to police where she stated she posted online advertisements for commercial sex acts supports Movant's conviction.[7] [Doc. 48 (PSR) at ¶¶ 7, 11.]

Second, and as previously discussed, Movant's actual knowledge of the minor-victim's age is not relevant to his guilt because of the reasonable opportunity to observe prong. *See supra, United States v. Rico*, 619 Fed. App'x. 595 (9th Cir. 2015). Finally, Movant's claimed innocence is belied by the strong evidence showing his awareness of

---

[6] Moreover, Movant's evidence is not "newly discovered," as he admits in his filing entitled, "Declaration of Melvin Warren Rivers." [Doc. 88 at p. 5, n.1 ("*During my first meeting with my attorney*, I informed him that I was innocent . . . [and, as proof,] I informed him that he could contact my witness [the victim-minor].") (emphasis added)].

[7] For the same reasons discussed in this section, Movant's motions to expand the record and to request discovery are DENIED. [Docs. 81, 106.] Movant seeks to expand the record with "[t]ranscripts, audio or video recording of the allege [sic] victims interview" and "[t]o request discovery" regarding the same. [Doc. 81 at p. 1.] As already discussed, even if true, the victim's alleged interview statement that Movant was "innocent" of commercial sex trafficking has no bearing on his guilt.

pimping and trafficking, including Movant's rap video entitled, "Treat Her Like a Prostitute," which starred the minor-victim. [Doc. 91 at p. 10-11.]

For the previous reasons, Movant's § 2255 Motion and Amendments, [Docs. 69, 82, 88], are DENIED.

### D. Movant's Remaining Ancillary Motions

Finally, the Court addresses Movant's remaining outstanding motions. [Docs. 87, 108, 110.] First, Movant moves the Court "to take Judicial Notice of 2 Missing Motions in Docket Sheet." [Doc. 87.] Because both missing motions are reflected on the docket for this case in Docs. 108 and 113, Movant's motion is DENIED as moot. [Doc. 87.]

On June 18, 2018, Movant also filed a "Motion rule 12(c) for Judgment on all pending pleading (fed. R. civ. P. 12(c) and hold a evidentiary hearing." [Doc. 108.] Because a motion for judgment on the pleadings is not applicable in the habeas context, the Court construes Movant's motion as seeking the Court's ruling on his pending habeas pleadings. Because this Order addresses those pleadings, the motion is DENIED as moot.

On May 2, 2018, Movant filed a motion to proceed *in forma pauperis* to obtain free transcripts of pre-trial proceedings. [Doc. 107.] On April 24, 2019, Movant filed a related motion for "free post/pre trial transcripts for pending 2255." [Doc. 101.] As discussed previously, because there is no evidentiary dispute that could lead to habeas relief for Movant, the Court finds there is no need for the requested transcripts or *in forma pauperis* status. These motions are DENIED as moot.

Finally, in support of his motion for a default judgment, [Doc. 110], Movant argues the Government failed to respond to the Court's October 22, 2018 Order. In light of the Government's response on October 31, 2018, [Doc. 91], however, default judgment is not appropriate, and the motion is DENIED as moot.

### CONCLUSION

For the previous reasons, Movant does not establish he received ineffective assistance or was prejudiced by the assistance, even if he did. In accordance with the

conclusions set forth above, the Motions to Vacate, Set Aside, or Correct the Sentence are DENIED.

A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). The Court finds Movant does not make the necessary showing. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

DATED: May 1, 2019

_____
HON. ROGER T. BENITEZ
United States District Court Judge